IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DONNA J. TYLER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 08-0043-CV-W-ODS ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

# ORDER AND OPINION AFFIRMING COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's request for review of the final decision of the Commissioner of Social Security denying her applications for disability benefits. The Commissioner's decision is affirmed.

I.

Plaintiff filed her application for benefits on November 24, 2003, alleging she became disabled on June 14, 2004,[1] due to a combination of ailments including degenerative disc and joint disease, depression, cardiovascular disease, carpal tunnel syndrome, and diabetes. She was born in April 1953, completed two years of college, and had prior work experience as a payroll clerk. She was terminated from her job of three years in November 2003 for reasons unrelated to her ailments. R. at 480. She held her prior job for approximately twenty-seven years. R. at 481. Plaintiff testified that if she had not been terminated she doubted she could have continued to work, although she did receive unemployment benefits until June 2004. R. at 481-82. She explained that her diabetes caused her problems with vision and numbness in her hands and feet, making it difficult to hold things like papers or writing instruments. The

---

[1]Plaintiff initially alleged an onset date of November 13, 2003, but amended the onset date at the hearing.

numbness and arthritis make typing or using a computer difficult. Pain in her back makes it difficult to sit for long periods of time and she cannot stand for long periods of time due to pain in her hips, so she needs to lay down for significant periods of time during the day.

Plaintiff's testimony stands in contrast to the medical evidence in the Record. Her treating physician was Dr. John Klema, and his first treatment notes in the Record are from November 2003. While they are difficult to read, they contain nothing that suggests Plaintiff was physically limited in any significant way, and in particular fail to suggest Plaintiff could not perform clerical work. In November 2004, Dr. Klema referred Plaintiff to a kidney specialist, Dr. Walter Bender. Dr. Bender found Plaintiff's blood pressure was controlled, but her blood sugar level was elevated. He attributed this circumstance to Plaintiff's failure to control her diet or exercise. In ensuing visits Dr. Bender noted Plaintiff's diabetes was stable, and Plaintiff reported no significant complaints. In late 2005, Dr. Klema noted Plaintiff was not controlling her diet and observed her primary problems involved her diet and weight. Medical records do not confirm Plaintiff's claims of chronic swelling and demonstrate only mild degenerative disc disease. Consulting physicians also found nothing remarkable. Nonetheless, Dr. Klema prepared a Medical Source Statement ("MSS") in December 2005 indicating Plaintiff could stand or walk less than two hours a day, sit less than six hours a day, had a limited ability to see, could lift less than ten pounds, and could only occasionally reach, handle or finger objects. R. at 194-97.

The ALJ found Plaintiff's testimony about her limitations was not fully credible because it was inconsistent with her daily activities (which include caring for her disabled husband) and the objective medical data, because Plaintiff's condition had not worsened since she was gainfully employed (and in some respects had improved), and because Plaintiff's condition was either controlled or controllable through diet and medication. He also discounted Dr. Klema's MSS because it was inconsistent with Dr. Klema's treatment records. After eliciting testimony from a Vocational Expert, the ALJ determined Plaintiff retained the residual functional capacity to return to her work or, alternatively, to perform other work in the national economy (such as receptionist).

2

II.

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion. [The Court] will not reverse a decision simply because some evidence may support the opposite conclusion." Mitchell v. Shalala, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. Forsythe v. Sullivan, 926 F.2d 774, 775 (8th Cir. 1991) (citing Hutsell v. Sullivan, 892 F.2d 747, 749 (8th Cir. 1989)). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Smith v. Schweiker, 728 F.2d 1158, 1161-62 (8th Cir. 1984).

Plaintiff contends the ALJ's decision is not supported by substantial evidence in the Record because she improperly discounted her Dr. Klema's MSS. Generally speaking, a treating physician's opinion is entitled to deference. This general rule is not ironclad; a treating physician's opinion may be disregarded if it is unsupported by clinical or other data or is contrary to the weight of the remaining evidence in the record. E.g., Pena v. Chater, 76 F.3d 906, 908 (8th Cir. 1996). Here, Dr. Klema's MSS is unsupported by his own treatment notes, presenting the ALJ with two possibilities: either the MSS is correct, or the treatment notes are correct. The ALJ logically and permissibly relied on the treatment notes because they were prepared closer in time to the evaluations they documented. In rejecting the MSS the ALJ was not "playing doctor" as suggested by Plaintiff, but rather was explaining why the MSS might be different and explaining why greater weight would be placed on the treatment notes.

Plaintiff also contends the ALJ improperly rejected her testimony. The familiar standard for analyzing a claimant's subjective complaints is set forth in Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984) (subsequent history omitted):

3

> While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced. The adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them.
>
> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> > 1. The claimant's daily activities;
> > 2. the duration, frequency and intensity of the pain
> > 3. precipitating and aggravating factors;
> > 4. dosage, effectiveness and side effects of medication;
> > 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

739 F.2d at 1322.

The Court accepts Plaintiff's argument that her subjective complaints cannot be discounted or ignored simply because they are not fully corroborated by objective medical evidence, but the absence of such evidence is a factor that may be considered. Moreover, Plaintiff's testimony is also contradicted by evidence in the record, including (1) her daily activities, (2) her failure to follow Dr. Klema's and Dr. Bender's instructions, see Choate v. Barnhart, 457 F.3d 865, 872 (8th Cir. 2006, (3) the fact that Plaintiff's condition when she worked is substantially the same as her condition after she was fired, (4) the fact that Plaintiff lost her job for reasons unrelated to her condition and she then sought and obtained unemployment benefits, (5) the fact that treatment controlled

4

most of her ailments, (6) the failure of any doctor to deem it necessary to prescribe strong pain medication, Richmond v. Shalala, 23 F.3d 1441, 1443-44 (8th Cir. 1994), and (7) Plaintiff's failure to report limitations and difficulties to her doctors that are as serious as those she testified to before the ALJ. The Record contains ample support for the ALJ's determinations.

III.

For these reasons, the Commissioner's final decision denying benefits is affirmed.
IT IS SO ORDERED.

DATE: December 3, 2008

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT